IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MAX GERBOC**, Individually and on behalf of all others similarly situated, 248 Euclid Avenue, #248 Cleveland, OH 44114<br><br>          Plaintiff,<br><br>     vs.<br><br>**W3, Ltd.**<br>101 East 15th St.<br>Floor 4<br>New York, NY 10003<br><br>          Defendant. | CASE NO. 1:16-cv-00971<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT WITH JURY DEMAND** |

Now comes Max Gerboc, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

### INTRODUCTION

1.      This is a class action brought by Max Gerboc, individually and as a putative representative, against W3, Ltd. ("Defendant"). Defendant has violated federal law by using automatic telephone dialing systems to place text message calls to cellular telephones without the consent of the telephone's owner. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., Plaintiff sues to stop Defendant from unlawfully calling and texting cellular telephones and for the statutory recovery for himself and each person who received such unlawful contacts from Defendant's automatic telephone dialing systems.

## PARTIES

2. Plaintiff Max Gerboc (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Cuyahoga, and City of Cleveland.

3. Defendant W3, Ltd. is a corporation organized under the laws of England and Wales which operates in the United States providing internet services for roommate search, room rental, advertisements, and traveler accommodations. Its services include WhereToSleep, a website for which features short term accommodation and holiday rental; Vivastreet, a classified advertisement site; HomesForStudents, a searchable database for student accommodation, student housing, student flats, privately owned student halls, and house share; and Easy Roommate, www.easyroommate.com, an online marketplace for room rentals, roommate matching, and related online classifieds.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5. Venue is proper in this district pursuant to 47 U.S.C. § 227(g)(4) because Defendant transact business in this District and the violations occurred and are occurring in this District.

6. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events at issue occurred in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

7. The Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) ("TCPA") regulates the types of calls that can be made to telephone subscribers.

8. The TCPA states, in relevant part:

(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person … if the recipient is within the United States--
    (A) to make any call (other than a call made…with the prior express consent of the called party) using any automatic telephone dialing system ("ATDS") …
    …(iii) to any telephone number assigned to a…cellular telephone service….

9. The Federal Communications Commission has interpreted "phone call" to include text messages.[1]

10. Courts have repeatedly and consistently followed the FCC's interpretation that text messages are phone calls for the purposes of the TCPA.[2] As used in this complaint, the term "call" includes text messages.

---

[1] "We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service." 18 FCC Rcd 14014, 14115 (FCC 2003). See also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 F.C.C.R. 14014, 14115 (July 3, 2003) and *In the matter of Rules and Regulations Implementing the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003*, 19 F.C.C.R. 15927, 15931, 15933, 15934 (Aug. 4, 2004).

[2] See: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. Cal. 2009); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010); *Pollock v. Island Arbitration & Mediation Inc.*, 2008 NY Slip Op 28452 (N.Y. City Ct. 2008); *Abbas v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697 (N.D. Ill. Dec. 14, 2009); *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 (N.D. Cal. Mar. 12, 2010); *Kramer v. Autobytel*, Inc., 2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010).

**FACTS**

11. Plaintiff owns a cell phone.

12. Plaintiff has never given express consent to receive a call from Defendant.

13. Despite this, on or about April 14, 2016, Plaintiff received a text message from Defendant that read:

> "**Hi  this is about your rental** Hi, so this site Post2RentFast.com  have you used it? just wondering. It helps you rent any place from single rooms to apartments, houses, etc. I listed my property there and got it rented in just a few days. It's got quite a lot of renters, you should try it in case you still need to rent yours.
>
> Anyway, just passing up the good karma since someone else pointed out to me and it's been extremely helpful.
>
> Post2RentFast.com
>
> Hope that helps.
>
>
> Best,
> Victoria"

See images, below:



4



14. The link which this text message call is advertising, www.Post2RentFast.com, **automatically redirects to Defendant's website**, www.easyroommate.com.

15. Based upon the nature of this text message, Defendant uses ATDS and software to generate the content of these spam texts, as well as to send these texts, en masse, to Plaintiff and the putative class members.

16. An extensive internet search for "Victoria Witman" and for victoriawitman725@mail.com, demonstrates those names are phony, used by Defendant with the intent to disguise its illegal mass marketing scheme and its violation of the TCPA.

## CLASS ALLEGATIONS

17. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

18. Defendant and its agents have made, and continue to make, unsolicited calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

19. These calls were made without the prior express consent of Plaintiff or the class members.

5

20. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who received calls on their cellular telephones from Defendant using an automatic telephone dialing system without giving Defendant prior express consent.

21. This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

22. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

- Whether the subject calls were auto-dialed;
- Whether the subject calls are covered by the TCPA;
- Whether the subject calls violate the TCPA; and
- Whether the class members are entitled to relief under the TCPA.

23. Defendants have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

24. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

25. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

26. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendants and others.

27. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendants.

28. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

**FIRST CLAIM FOR RELIEF**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**

29. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

30. Plaintiff did not expressly consent to receive calls from Defendant, as required by the Act.

31. Defendant sent an unsolicited text message call using a computerized automatic telephone dialing system to call Plaintiff's cellular telephone.

32. The call to Plaintiff's cellular telephone was a violation of 47 U.S.C. 227(b)(1)(A)(iii).

33. Defendant has acted in the same way toward all members of the class.

34. Defendant likewise did not obtain express consent from the members of the class for the text calls.

35. As a result of these calls, Plaintiff and the class are entitled to relief and recovery under the Act.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

36. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

37. Unless enjoined, Defendant will not cease and desist the conduct described above.

38. The TCPA provides for injunctive relief against such continuing violations, stating:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For a preliminary and thereafter permanent injunction preventing Defendant from continuing the conduct described above;

3. For the monetary and other relief provide under 47 U.S.C. § 227(b)(3) for Plaintiff and the class members;

4. For reasonable costs and attorney fees necessarily incurred herein; and

5.	For such other or further relief to which Plaintiff and the class are entitled.

>	Respectfully submitted,
>
>	*/s/ Frank A. Bartela*
>	Patrick J. Perotti, Esq. (#0005481)
>	Nicole T. Fiorelli, Esq. (#0079204)
>	Frank A. Bartela, Esq. (#0088128)
>	**DWORKEN & BERNSTEIN CO., L.P.A.**
>	60 South Park Place
>	Painesville, Ohio 44077
>	(440) 352-3391     (440) 352-3469 Fax
>	Email:  *pperotti@dworkenlaw.com*
>	           *nfiorelli@dworkenlaw.com*
>	           *fbartela@dworkenlaw.com*