UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MAX GERBOC,** | ) | **CASE NO. 1:16CV971** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **W3, Ltd.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Emergency Motion (ECF DKT #7) of Defendant, W3, Ltd., to Vacate the Clerk's Entry of Default. Defendant specially appears, without waiving personal jurisdiction, to contest service of process. For the following reasons, the Motion is granted and the entry of default is vacated.

## I. FACTUAL BACKGROUND

Defendant, W3, Ltd., operates websites with the goal of connecting people who need a place to live with people who are in need of tenants to rent their properties. Plaintiff, Max Gerboc, brought this action on April 22, 2016, individually and as a putative representative, claiming Defendant violated federal law by using automatic telephone dialing systems to place text message calls to cellular telephones without the consent of the cell phone owner.

Pursuant to Plaintiff's Application (ECF DKT #6), the Clerk of Court entered default against Defendant on September 14, 2016.

In its Motion, Defendant contends that W3 was not properly served and that there is

good cause to set aside the default entry.

## II. LAW AND ANALYSIS

**Setting aside an entry of default**

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived. Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required. However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990), the Sixth Circuit opined:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has

a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).

W3 is a foreign company that does not maintain a place of business in the United States. Its registered office is P.O. Box 544, 14 Britannia Place, Bath Street, St. Helier, JE2 4SU, Jersey, Channel Islands. (Declaration, ECF DKT #7-1).

Plaintiff served an entity called DM Services, Inc. at 101 East 15th Street, Floor 4, New York, New York 10003. DM Services provides management services to W3. DM Services is not an officer, general agent or managing agent of W3; nor is it an agent authorized by W3 to accept service of process. (*Id.*; Fed.R.Civ.P. 4(h)(1)). Thus, Defendant W3 was not properly served in this action.

On June 7, 2016, counsel for W3 sent Gerboc's counsel a letter, advising that service was insufficient and that the Complaint was without merit. (ECF DKT #7-2). No culpable conduct on W3's part led to the default.

W3 demonstrates that it has a meritorious defense to this lawsuit. That is, the Court lacks personal jurisdiction. W3 is incorporated under the law of Jersey, Channel Islands. Furthermore, the Complaint fails to sufficiently allege that W3 directed its activities in the

Northern District of Ohio.

Plaintiff has no evidence that he has suffered prejudice or tangible harm, aside from the inability to proceed to judgment by default.

There is no showing that W3 willfully failed to appear and plead in response to the Summons and Complaint.

### III. CONCLUSION

Therefore, pursuant to Fed.R.Civ.P. 55(c), and in keeping with the policy of deciding cases on their merits, the Court finds that there is good cause to set aside the entry of default. The Motion (ECF DKT #7) of Defendant, W3, Ltd., to Vacate the Clerk's Entry of Default is granted.

**IT IS SO ORDERED.**

                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: December 21, 2016**